# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SCOTT THURMOND and <br> JOCELYN MCGEE <br> THURMOND, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) <br> ) | |
| v. | ) | CIV-18-1142-R |
| CRST EXPEDITED, INC., <br> DEONTAY EILAND, and <br> ACE INSURANCE COMPANY, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 8) filed by Defendant Ace American Insurance Company ("Ace"), pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs responded in opposition to the motion and Defendant filed a reply in support of its position. Having considered the parties' submissions, the Court finds as follows.

Plaintiffs initiated this action in the District Court of Garvin County, alleging they were injured on January 6, 2017, in an accident with Defendant Eiland, who was driving a truck for Defendant CRST Expedited, Inc. Plaintiffs allege in the Petition that Ace, CRST Expedited's insurer, is liable under Oklahoma law, specifically Okla. Stat. tit. 47 § 230.30. Ace contends the action against it is not ripe, because there is not yet a judgment against its insured and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1). Alternatively, Defendant contends that Plaintiff has failed to state a claim because no direct action exists

under the facts of this case. For the reasons set forth herein, Defendant's motion is GRANTED.

The general rule in Oklahoma is that a "defendant's insurer cannot be directly sued by a plaintiff." *Hobbs v. Rui Zhao*, NO. 13-CV-0673-CVE-FHM, 2014 WL 3898408, at *3 (N.D. Okla. Aug. 11, 2014)(citing *Daigle v. Hamilton*, 782 P.2d 1379, 1380 & n. 1)(Okla. 1989)). In *Daigle*, the Oklahoma Supreme Court recognized an exception to the general rule; injured parties can jointly sue a motor carrier and its insurance company when the carrier is required to file proof of a liability insurance policy under Okla. Stat. tit. 47 § 169(A). *Id.* Section 169(A) forbids the Oklahoma Corporation Commission from issuing a certificate to an intrastate motor carrier of household goods for operation in Oklahoma until the proof of insurance has been filed.

Plaintiffs herein rely on a similar provision of Oklahoma law under the same title, § 230.30, which provides:

> A. No license shall be issued by the Commission to any carrier until after the carrier shall have filed with the Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier authorized pursuant to this section and which has complied with all of the requirements of the Commission, which bond or policy shall be approved by the Commission, and shall be in a sum and amount as fixed by a proper order of the Commission; and the liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any carrier for which the carrier is legally liable. A copy of the policy or bond shall be filed with the Commission, and, after judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action.

This provision, part of the Motor Carrier Act of 1995, utilizes language similar to that set

forth in § 169, but applies the provisions to motor carriers of household goods and used emigrant movables. In *Fierro v. Lincoln Gen. Ins. Co.*, 217 P.3d 158, 160 (Okla.Civ.App. 2009), the court held there is no direct action against a defendant motor carrier's insurer, where there was no policy filed by the insurer for a license from the Oklahoma Corporation Commission.

> There was a compulsory insurance requirement, but that requirement was satisfied by the submission of the home state's policy. Fiero has not shown an infraction by the insurer sufficient to make it a defendant pursuant to Oklahoma's Motor Carrier Act of 1995. Oklahoma takes part in the single state system, 47 O.S.2001 § 162.1, that is, where interstate motor carriers register and insure in their home states. Section 230.30 plainly states that "... after judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action." 47 O.S.2001 § 230.30(A). "The reasons given for the prohibition [defendant's insurer cannot be directly sued by a plaintiff], besides statutory directive, include policy, prohibition by judicial decision, lack of privity between the injured plaintiff and the insurer, misjoinder of the tort action and the action on the contract, and the enforcement of the "no-action" clause in the policy." *Daigle v. Hamilton*, 1989 OK 137, ¶ 5, 782 P.2d 1379, 1380.

*Id.* at 160-61 (footnote omitted).

Plaintiff's reliance on *Alfalfa Elec. Cooperative, Inc. v. Mid-Continent Cas. Co*, 350 P.3d 1276 (Okla.Civ.App. 2015), is not persuasive. In *Alfalfa*, the Oklahoma Court of Civil Appeals distinguished *Fierro*, because *Alfalfa* involved an intrastate motor carrier and there was no dispute the carrier filed a § 230.30 liability policy with the Oklahoma Corporation Commission. *Id.* at 1281.[1]

---

[1] Specifically, the *Alfalfa* court stated:
In *Fierro*, another panel of this division of the Court of Civil Appeals addressed § 230.30(A) of the MCA and found the statute denied a third party's direct action against the insurer of an interstate motor carrier whose compulsory public liability policy had been filed in its home state and not in Oklahoma as required to invoke the MCA. Thus *Fierro* is factually distinguishable from the instant

In response to the motion Plaintiffs attempts to avoid *Fierro* by arguing that Oklahoma's participation in Unified Carrier Registration ("UCR") provides a basis for a direct action against Defendant Ace. The UCR provides that a motor carrier may file proof of insurance in its home state but operate in those states that participate in the UCR. Participation in UCR, however, does not meet the dictates of § 230.30, which applies to certificates of insurance filed with and licenses issued by the Oklahoma Corporation Commission. Plaintiff's argument to the contrary has been rejected by various federal district courts in Oklahoma.

> Plaintiff claims in his response that because Oklahoma participates in Unified Carrier Registration, a direct action may be brought against CCIC under § 230.30 if TWG is registered under Unified Carrier Registration. Pl.'s Resp. Br. at 7. Plaintiff asserts that this allows a motor carrier to register annually with only one state and that such single-state registration satisfies the registration requirements in all participating states. *Id.* (citing *Mid-Con Freight Sys., Inc.*, 545 U.S. at 443). Thus, Plaintiff contends, if TWG is so registered then it is effectively registered with the OCC and a direct action may be brought against CCIC under § 230.30. *Id.*
>
> The District Court for the Eastern District of Oklahoma, however, rejected this contention in *Mason v. Dunn*, No. CIV–14–282–KEW, 2016 WL 1178058 (E.D. Okla., Mar. 23, 2016). Mason held that out-of-state registration does not satisfy the requirement that the motor carrier's liability policy be filed with the OCC before the insurer may be subject to direct action. Id. at *2-3. *See also Simpson*, 2017 WL 2271484, at *3 (because interstate carriers do not need to register in Oklahoma and § 230.30 applies only to motor carriers required to obtain a license from the OCC, interstate carriers who have registered proof of insurance in their home state pursuant to Unified Carrier Registration are not subject to § 230.30). The Court agrees with the decisions in *Mason* and *Simpson*. Even if TWG is registered under Unified Carrier Registration, CCIC still may not be named as a defendant because TWG is not subject to § 230.30 and did not file its insurance policy with the OCC.

---

case which involves an intrastate motor carrier, Triple J, about which there is no dispute its § 230.30(A) liability policy was properly filed with the OCC.

*Harness v. TWG Transportation, Inc.*, No. CIV-18-462-D, 2018 WL 3318955, **2-3 (W.D. Okla. July 5, 2018)(footnotes omitted); *see also Irvan v. Golodnykh*, No. CIV-16-075-RAW, 2016 WL 3562057 (E.D. Okla. June 24, 2016); *Hobbs v. Rui Zhao*, 2014 WL 3898408, at *4 (N.D. Okla. Aug. 11, 2014)(rejecting the same argument, "merely submitting a home state's insurance policy as part of the UCR . . . is insufficient to allow a direct cause of action under section 230.30.").

In the instant Complaint, Plaintiffs do not allege that Defendant CRST has obtained a motor carrier license from the Oklahoma Corporation Commission. Absent such an allegation, Plaintiffs cannot hold Defendant Ace liable under § 230.30, and Defendant Ace is entitled to dismissal on this basis. Dismissal of Plaintiffs' claim against Ace is without prejudice; as noted by ACE in its Reply brief, if a judgment is obtained by Plaintiffs against CRST, Plaintiffs may at that time be able to proceed against Ace. The Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 29th day of January 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE