# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SCOTT THURMOND and<br>JOCELYN SHEALY MCGEE, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CIV-18-1142-R |
| CRST EXPEDITED, INC. and<br>DEONTAY EILAND, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment (Doc. No. 44) to which Plaintiffs responded (Doc. No. 49) and Defendants filed a reply. (Doc. No. 52). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiffs filed this case following a January 6, 2017 accident on I-35 near Wynnewood, Oklahoma. Plaintiffs were stopped in traffic southbound for icy and snowy conditions. Defendant Eiland, driving a truck for his employer CRST, Expedited, Inc. ("CRST"), was unable to stop and hit Plaintiffs from behind. Plaintiffs allege Defendant Eiland was negligent and that CRST is liable for his negligence under a theory of *respondeat superior*. Plaintiffs also seek relief from CRST directly, asserting negligent hiring, training, screening, supervision and entrustment. Both Defendants seek summary judgment on Plaintiffs' request for punitive damages; Defendant CRST seeks summary judgment on Plaintiffs' direct negligence claims.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The presence of a genuine issue of material fact defeats the motion. An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

Citing *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997), Defendant CRST seeks summary judgment on Plaintiffs' claims that it was negligent with regard to the hiring, training, screening, and supervision of Mr. Eiland, arguing that because it has conceded that Mr. Eiland was acting within the scope of his employment with CRST at the time of the accident, these direct liability claims are superfluous. Plaintiff cites *Fox v. Mize*, 428 P.3d 314 (2018), wherein the Oklahoma Supreme Court concluded that negligent entrustment cases are separate and distinct from *respondeat superior* negligence liability. Quoting the Honorable Joe Heaton, the court noted the tension between not permitting negligent hiring claims, as set forth in *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997), and permitting negligent entrustment claims to proceed, "'It is difficult to discern a persuasive basis for treating a claim for negligent entrustment differently from a claim for negligent hiring' because both 'presumably rely on the employer's own acts or negligence.'" *Id.* at p. 322, n.12 (quoting

2

*Warner v. Miller*, 5:16-cv-00305-HE (W.D. Okla. Feb. 10, 2017). The court did not overrule *Jordan*, specifically noting the issue was not before the Court. *Id.*

This Court, accordingly, maintains the prior status of the law that claims for negligent hiring, training, and supervision are superfluous, where, as here, the employer has stipulated that its employee was acting within the scope of employment at the time of the accident. *See Soto v. DCP Inc.*, No. CIV-16-1410-M, 2018 WL 3016922 (W.D. Okla. June 15, 2018); *Smith v. Brown*, 17-cv-631-R, 2017 WL 4248852, *1 (W.D. Okla. Sept. 25, 2017).

In response to the instant motion Plaintiffs assert, in part, that the Federal Motor Carrier Safety Regulations ("FMCSR"), preempt application of *Jordan v. Cates,* acknowledging the Court's prior determination that there is no preemption because the regulations do not provide a private cause of action. Plaintiffs contend, however, that both Defendants can be held directly liable under a theory of negligence *per se* for violation of the FMCSR. In *Jordan*, the Oklahoma Supreme Court broadly stated that when an employer admits liability for the acts of its employee "any other theory for imposition of liability on the employer [is] unnecessary and superfluous." *Landreville v. Joe Brown Co., Inc.*, No. CIV-08-171-KEW, 2009 WL 1437801, *3 (E.D. Okla. May 21, 2009)(quoting *Jordan*, 935 P.2d at 293 (dismissing negligence *per se* claim against employer); *see also Bales v. Green*, No. 16-cv-106-GFK-JFJ, 2018 WL 1144980, *3 (N.D. Okla. Mar 2, 2018)(Employer's admission of *respondeat superior* liability foreclosed direct liability claims including negligent hiring, retention, training and negligence *per se*. Accordingly, Defendants CRST's motion for summary judgment is granted as to Plaintiff's direct claims

3

of negligence, including negligence *per se*, with the exception of negligent entrustment in light of CRST's concession that Mr. Eiland was acting within the scope of his employment.

CRST contends that summary judgment is appropriate on Plaintiffs' negligent entrustment claims because Plaintiffs lack evidence to support such a claim.[1] Included in Plaintiff's response is a Rule 56(d) affidavit, wherein Christopher Brinkley, counsel for Plaintiff, indicates that evidence was not available to Plaintiffs at the time their response to the motion for summary judgment was due because Plaintiffs had yet to depose Defendant Eiland or the corporate representative of Defendant CRST. In its Reply, Defendant did not address Plaintiffs' Rule 56(d) affidavit.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The Court hereby holds Defendants' Motion for Partial Summary Judgment in abeyance with regard to Plaintiffs' claims for negligent entrustment pending the filing of a supplemental response by Plaintiffs. Plaintiffs' supplement shall be filed not later than December 5, 2019. Defendant CRST may file a supplemental reply not later than December 11, 2019.

---

[1] Defendant CRST concedes that a negligent entrustment claim is not automatically precluded by an employer's admission that an employee was acting within the scope of his employment. *See Fox v. Mize*, 428 P.3d 314, 321-22 (Okla. 2018).

Finally, Defendants seek summary judgment on Plaintiffs' request for punitive damages.[2] This case is before the Court pursuant to the Court's diversity jurisdiction and Plaintiffs' claims are governed by Oklahoma law. *See Martinez v. Angel Expl., LLC*, 798 F.3d 968, 973) (10th Cir. 2015) (internal citations omitted). Oklahoma's punitive damages statute, 23 O.S. § 9.1, provides for the recovery of punitive damages only where there is clear and convincing evidence that the defendant acted, at a minimum, with reckless disregard for the rights of others. *See Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1106 (Okla. 2005) ("In that punitive damages are **only** allowable under § 9.1 when, at a minimum, there is competent evidence of a reckless disregard by the defendant of the plaintiff's rights from which malice and evil intent may be inferred.") (emphasis in original). "Whether that showing has been made remains an issue of law for the trial court in its role as gatekeeper to determine, upon a defendant's challenge ... whether there is competent evidence upon which a reasonable jury could find reckless disregard, from which malice and evil intent may be inferred." *Robinson v. Sunshine Homes, Inc.*, 291 P.3d 628, 638 (Okla. Civ. App. 2010) (internal footnote omitted).

As with Plaintiffs' negligent entrustment claim, the Court cannot fully assess whether punitive damages are available in light of the Rule 56(d) affidavit. The Court accordingly holds this portion of the motion in abeyance pending the filing of the supplemental briefs as set forth above.

---

[2] The Court notes that "[p]unitive damages, like compensatory damages, do not stand alone as a separate cause of action; they constitute an element of damage subject to proof in connection with" Plaintiffs' negligence claims. *Nelson v. Am. Hometown Publ'g, Inc.*, 333 P.3d 962, 974 (Okla. Civ. App. 2014).

For the reasons set forth herein, Defendants' Motion for Partial Summary Judgment is GRANTED as to Plaintiffs' direct negligence claims against Defendant CRST, except the claim for negligent entrustment. In all other regards, the motion is held in abeyance pending the supplements ordered herein.

**IT IS SO ORDERED** this 25th day of November 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE